
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

BILLY COY COCHRAN,

               Petitioner - Appellant,

   v.

JAMES E. TILTON, Director Department
of Corrections,

               Respondent - Appellee.

No. 10-15362

D.C. No. 1:06-cv-00909-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted January 16, 2013
San Francisco, California

Before: FARRIS and BYBEE, Circuit Judges, and ADELMAN, District Judge.[**]

Cochran appeals from the district court's partial denial of his habeas

petition. In his habeas petition, Cochran argued that he was deprived of the counsel

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       [**]     The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

guaranteed under the Sixth Amendment because his trial counsel was ineffective for failing to move to suppress the gun that was admitted into evidence. The facts of the case are known to the parties. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review a district court's denial of a habeas petition de novo, using the standards set forth in AEDPA. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc); *see Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Thus, we may grant habeas relief only if the last reasoned state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, there is no reasoned state court decision, we "must determine what arguments or theories . . . could have supported . . . the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Under *Strickland v. Washington*, the defendant bears the burden of establishing ineffective assistance of counsel by showing (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that the "deficient performance prejudiced" the defendant. 466 U.S. 668, 687–88 (1984).

Here, the California Supreme Court could reasonably have determined that Cochran's trial counsel did not perform deficiently without running contrary to, or unreasonably applying, clearly established federal law. There is a "reasonable argument that counsel satisfied *Strickland*'s deferential standard," *Harrington*, 131 S. Ct. at 788, since trial counsel could have reasonably determined that a suppression motion would have been strategically unwise or futile, *see Strickland*, 466 U.S. at 681, 691. Whether a motion to suppress would have been successful at trial is at least a close question with regard to the search performed by Cochran's mother and sister, *see Georgia v. Randolph*, 547 U.S. 103, 110–11 (2006); *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614–15 (1989), and the officer's subsequent entrance into the trailer and seizure of the gun, *see United States v. Jacobsen*, 466 U.S. 109, 115 (1984); *Illinois v. Rodriguez*, 497 U.S. 177, 179, 186 (1990).

Moreover, the California Supreme Court could have reasonably concluded that Cochran was not prejudiced by his trial counsel's performance without running contrary to, or unreasonably applying, clearly established federal law. Since it is not clear that the gun admitted into evidence was the basis for the conviction, "fairminded jurists could disagree" about whether suppression of the gun would have changed the ultimate verdict. *Harrington*, 131 S. Ct. at 786.

AFFIRMED.